1  GEORGE S. CARDONA
   Acting United States Attorney
2  WAYNE R. GROSS
   Assistant United States Attorney
3  Chief, Santa Ana Branch Office
   TERRI FLYNN (CA State Bar No. 204932)
4  Assistant United States Attorney
        411 West Fourth Street, Suite 8000
5       Santa Ana, California 92701
        Telephone: (714) 338-3592
6       Facsimile: (714) 338-3561
        E-mail: terri.k.flynn@usdoj.gov
7
   Attorneys for Plaintiff
8  United States of America

9

10

11                     UNITED STATES DISTRICT COURT

12                FOR THE CENTRAL DISTRICT OF CALIFORNIA

13   IN THE MATTER OF THE SEARCH     ) No. SA 07-0187M
14   OF:                             )
                                     ) GOVERNMENT'S EX PARTE
15                                   ) APPLICATION FOR EXTENSION OF
     15 High Bluff, Laguna           ) TIME; DECLARATION OF MELANIE
16   Niguel, California   92677      ) ADAMS; [~~PROPOSED~~] ORDER
                                     )
17                                   ) **UNDER SEAL**
                                     )
18                                   )
                                     )
19                                   )
                                     )
20   _____)

21        Plaintiff, United States of America, by and through its

22   counsel of record, the United States Attorney for the Central

23   District of California, hereby applies for an order extending the

24   time within which the government may retain the computers and

25   other electronic media seized pursuant to the execution of a

26   federal search warrant to permit the government to search the

27   data contained in those computers fully in order to determine

28   whether the data falls within any of the items to be seized

1 | pursuant to the warrant.  The government requests an additional
2 | 45 days to complete the review of the seized evidence.
3 |     This application is based on the attached Declaration of
4 | Federal Bureau of Investigation Special Agent Melanie Adams, the
5 | attached exhibit, and the case file.
6 | DATED: October 11, 2007        Respectfully submitted,
7 |                                GEORGE S. CARDONA
                                   Acting United States Attorney
8 |
9 |                                WAYNE R. GROSS
                                   Assistant United States Attorney
                                   Chief, Santa Ana Branch
10 |
11 |
                                   TERRI K. FLYNN
12 |                                Assistant United States Attorney

13 |                                Attorneys for Plaintiff
                                   United States of America
14 |
15 |
16 |                         O R D E R
17 |     IT IS HEREBY ORDERED that, for good cause shown, the
18 | government may retain for an additional  45  days any unsearched
19 | computer equipment seized during the execution of the federal
20 | search warrant on June 18, 2007, pursuant to Case No. SA 07-
21 | 0187M.
22 | DATED: October 15, 2007
23 |
24 |                                _____
                                   UNITED STATES MAGISTRATE JUDGE
25 |
26 |
27 |
28 |

## DECLARATION OF MELANIE ADAMS

I, Melanie Adams, do hereby declare:

1. I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been so employed since September 23, 2001. I am currently assigned to the San Jose (California) Resident Agency and am trained and authorized to investigate the offenses alleged herein. Since joining the FBI, I have received training in the matters of computer crimes and computer forensics, among other areas.

2. As part of my duties, I investigate high technology crimes, including computer intrusions and other types of malicious computer activity. I am authorized to investigate violations of laws of the United States, and I am a law enforcement officer with authority to execute arrest and search warrants issued under the authority of the United States.

3. This Declaration is made in support of a request for an order permitting the government to retain and search for an **additional forty-five (45) days**, or up to and including November 27, 2007, the computers and the computer components (the "computers") seized during the execution of a federal search warrant on June 18, 2007, at 15 High Bluff, Laguna Niguel, California 92677 (the "Subject Premises").

4. On June 15, 2007, a federal warrant was obtained by Special Agent William Kirkpatrick authorizing the search of the Subject Premises from The Honorable Arthur Nakazato, United States Magistrate Judge, case number SA 07-0187M. See Exhibit A attached hereto. The warrant specifically authorized agents to seize computers and other electronic media from the subject

location for a period of sixty (60) days from the date of the execution of the warrant, or up to and including August 16, 2007 (which is 60 days from the date of the execution of the warrant, June 18, 2007), to allow the government to image and search the computers and electronic media for evidence of violations of Title 18, United States Code, Section 1343, wire fraud.

5.  FBI agents from the Santa Ana Resident Agency executed the aforementioned warrant on June 18, 2007, and seized evidence, including computers, CDs, DVDs, memory cards, and other digital media.  On June 18, 2007, the evidence was transported to the FBI's offices in Santa Ana, California and checked into evidence.  On June 19, 2007, an FBI agent from the Santa Ana Resident Agency submitted the evidence to the Los Angeles Computer Analysis Response Team (CART) for imaging.  Due to their backlog, it was determined that Los Angeles CART would image the evidence and then the images would be shipped to me at the San Jose Resident Agency to take to the Silicon Valley Regional Computer Forensic Laboratory (SVRCFL) for further processing.  The SVRCFL would be processing the images provided by Los Angeles CART in order to conduct a review of the evidence for the items to be seized.  On July 10, 2007, I spoke with Christopher Beeson, Director SVRCFL, and it was determined that due to the backlog at the SVRCFL and the fact that approximately 2.8 terabytes of data had been imaged by Los Angeles CART, the imaged evidence would be processed for review by the Headquarters CART-BWI laboratory in Linthicum, Maryland.  Among this evidence were computers and computer

///
///

components, including the following:

    a.    One Apple Power book G4 Laptop, Serial Number (S/N) W840805ANRX;

    b.    One Apple iMac All-in-one Desktop, S/N W83201VMNHX;

    c.    One Apple Power Book Laptop, S/N QT04609WJYY;

    d.    Four Computer Disks;

    e.    One 80 Gigabyte (GB) Apple iPOD, S/N 8K6404BRV9R;

    f.    One Apple iMac 20 inch All-in-one Desktop, S/N W86494QVVUV;

    g.    One 4 GB Apple iPOD, S/N YM6201NCSZC;

    h.    One 10 GB Apple iPOD, S/N U2131700C2NRH;

    i.    One Toshiba Satellite Laptop, S/N 62064761P;

    j.    One Apple 15 inch Macbook Pro Laptop, S/N W86073ZBVJ3 with 200 GB Toshiba internal Hard Disk Drive (HDD) Model MK2035GSS;

    k.    One Acomdata HDD Enclosure with the following three HDDs:

        i. One 250 Gigabyte (GB) External Western Digital HDD, Model WD2500JD - 00GBC0, S/N WCAL74858543.

        ii. One 320 GB External Maxtor HDD, Model 6A320Y0 (diamond Max 21), S/N 4QF03GTM.

        iii. One 200 Gb Seagate External HDD. Model ST3200822A (barracuda 7200.7), S/N 3LJ3E970.

    l.    One Apple Mac Mini (A1176 TM) with five HDDs:

        i.    S/N YM6370SKWKN with 80 GB Fujitsu internal HDD Model MHV2080BHPL - S/N NW83T6928FAM.

        ii.    S/N YM6332ZQw0B with 80 GB Fujitsu Internal

HDD Model MHV2080BHPL - S/N NW83T6727RW3.

       iii.  S/N YM6251MJU36 with 80 GB Fujitsu Internal HDD Model MHV2080BHPL.

       iv.  S/N YM6391LHW0B with 80 GB Seagate Internal HDD Model ST98823AS - S/n 5PK29P23.

       v.  S/N YM64505DWKN with 80 GB Fujitsu Internal HDD model MHV2080BHPL - S/N NW83T6928WW.

    m.  One Toshiba HDD, Model MK1234GSX, S/N 16G00192S;

    n.  One Gateway Laptop, Model Solo 5150, S/N BC598470134 with 30 GB Hitachi internal HDD, model DK23DA-30F, S/N YEMF11FZW1;

    o.  One 40 GB Fujitsu Dynex DXHDEN20 HDD enclosure, Model MHW2040AT, S/N K00ST712717K.

6.  On July 17, 2007, the imaged items of evidence were shipped by Los Angeles evidence technicians to Headquarters CART-BWI laboratory in Linthicum, Maryland. On July 31, 2007, I received an email from Mark Pawlak, Master Forensic Examiner, who informed me that he believed it would take at least 60 more days to process and review all of the imaged items of evidence due to the volume of the data seized.

7.  On August 7, 2007, Honorable Marc L. Goldman, U.S. Magistrate Judge signed an extension permitting the government up to and including October 15, 2007 to retain the computers and computer components seized from 15 High Bluff, Laguna Niguel, California. To date, all of the computers have been imaged and the images have been prepared for forensic review. To date, all of the items have been initially searched and reviewed for evidence.

8. On August 15, 2007, an FBI Agent from Santa Ana returned to the Attorney for Brian Dunning, the following items of evidence that the government felt it would not have adequate time to process and review: two Samsung cellular telephones, One Cingular Palm, One Sprint Treo, and one Garmin.

9. On October 11, 2007, I spoke to Mark Pawlak, Master Forensic Examiner, who indicated that there were over 50,000 search hits that still need to be reviewed for relevancy. Mark Pawlak estimated that it would take at least 45 more days to review the search hits for relevancy.

10. Based on the facts set out above and on my training and experience, and given the voluminous amount of data to be searched, an additional 45 days is required to conduct an examination of the data contained on the seized computers and electronic media.

11. Based on my training and experience, and my knowledge of the investigation in this case, I believe that there continues to be probable cause that the computers and electronic media seized during the search of the Subject Premises contain evidence of the violations identified in the search warrant.

12. Since this investigation is continuing, disclosure of this declaration and the accompanying application and order will jeopardize the progress of the investigation. Therefore, I request that the Court issue an order that the declaration,

///
///
///
///

12. Since this investigation is continuing, disclosure of this declaration and the accompanying application and order will jeopardize the progress of the investigation. Therefore, I request that the Court issue an order that the declaration, application, and order be filed under seal until further order of this Court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on October 11, 2007, at Campbell, California.

*[signature]*
MELANIE ADAMS
FEDERAL BUREAU OF INVESTIGATION